UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PLANET BEACH FRANCHISING                     CIVIL ACTION
CORPORATION


VERSUS                                       NO: 13-438


DAVID ZAROFF, TOM HYMANSON                   SECTION: "J"(1)
AND AJJN GROUP, LLC


### ORDER AND REASONS

Before the Court is a 12(b)(6) Motion to Dismiss, or, in the Alternative, to Compel Arbitration on a Consolidated Basis **(Rec. Doc. 7)**, filed by Defendants, David Zaroff, Tom Hymanson, and AJJN Group, LLC (collectively "AJJN Group"). Plaintiff, Planet Beach Franchising Corporation ("Planet Beach"), has filed an opposition (Rec. Doc. 16), to which the AJJN Group has replied (Rec. Doc. 18). On June 19, 2013, the Court heard oral argument on the AJJN Group's motion and took the matter under advisement. Having considered the motion, the memoranda, the record, the applicable law, and the oral arguments of counsel, the Court finds that the AJJN Group's motion should be **GRANTED** for reasons set forth more fully below.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, Planet Beach, is a closely-held Louisiana corporation based in Jefferson Parish which has developed a business format for the operation of franchised spas. (Rec. Doc. 16, p. 2) Defendants, David Zaroff ("Zaroff") and Tom Tymanson ("Hymanson"), are the sole members of AJJN Group, LLC, a limited liability company organized under Minnesota law. (Rec. Doc. 7-2, p. 2) AJJN Group LLC is a Planet Beach franchisee that owns and operates four Planet Beach salons in the Twin Cities metro area in Minnesota. (Rec. Doc. 7-1, p. 1) Between June or July of 2006, and January of 2008, the AJJN Group entered into four franchise agreements with Planet Beach, pursuant to which it took over the operation of four Planet Beach locations.[1] (Rec. Doc. 7-1, pp. 5-7) Each of the four franchise agreements contain arbitration provisions. The three franchise agreements for the AJJN Group's St. Paul, Downtown Minneapolis, and Uptown Minneapolis locations include an identical arbitration provision that provides in pertinent part:

---

[1] According to the AJJN Group, in late June or early July of 2006, it signed its first franchise agreement with Planet Beach, pursuant to which it built one location in St. Paul, Minnesota, which opened on January 8, 2007. (Rec. Doc. 7-1, p. 5) AJJN Group contends that in or about March of 2007, it entered into two more franchise agreement, pursuant to which it purchased two locations in Downtown and Uptown Minneapolis, which had previously been owned by Todd Schachtman ("Schachtman"), Zaroff's brother-in-law, and David Kutoff ("Kutoff"), the two Planet Beach "Area Representatives" with whom the AJJN Group dealt. (Rec. Doc. 7-1, pp. 5-6) AJJN Group asserts that it entered into the fourth and final franchise agreement with Planet Beach in approximately January of 2008, pursuant to which it purchased an existing Maple Grove, Minnesota location from Schachtman and Kutoff.

26.4 <u>Arbitration</u>. All disputes and claims relating to this Agreement or any other agreement entered into between the parties, the rights and obligations of the parties, or any other claims or causes of action relating to the making, interpretation, or performance of either party under this Agreement, shall be settled by arbitration in Jefferson, Parish, Louisiana in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association ("AAA") . . . .

The following shall supplement and, in the event of conflict, shall govern any arbitration: *If the claim is for less than $35,000 than the matter shall be heard before a single arbitrator. If the claim, or a counterclaim, is for $35,000 or more, the matter shall be heard before a panel of three (3) arbitrators and each party shall appoint its own arbitrator, and the appointed arbitrators shall appoint a "neutral" arbitrator from the AAA's list of arbitrators. Arbitrability will be decided by the arbitrator. Neither party shall pursue class claims and/or consolidate the arbitration with any other proceeding to which the franchisor is a party.* . . .

(Rec. Docs. 7-2, 7-3, 7-4, ¶ 26.4) (emphasis added).

However, the arbitration provision in the AJJN Group's franchise agreement for the Maple Grove, Minnesota location is slightly different, in terms of the procedure for selecting arbitrator(s), and provides in pertinent part:

26.4 <u>Arbitration</u>. All disputes and claims relating to this Agreement or any other agreement entered into between the parties, the rights and obligations of the parties, or any other claims or causes of action relating tot he making, interpretation, or performance of either party under this Agreement, shall be settled by arbitration in Jefferson, Parish Louisiana in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules fo the American Arbitration Association ("AAA") . . . .

The following shall supplement and, in the event of a conflict, shall govern any arbitration: If the claim is

for less than $35,000 than the matter shall be heard before a single arbitrator. *If the claim, or a counterclaim, is for $35,000 or more, the matter may be heard before a panel of three (3) arbitrators if both parties agree and each party shall appoint its own arbitrator, and the appointed arbitrators shall appoint a "neutral" arbitrator from the AAA's list of arbitrators. If the parties do not agree the matter shall be heard before a single arbitrator. Arbitrability will be decided by the arbitrator. Neither party shall pursue class claims and/or consolidate the arbitration with any other proceeding to which the franchisor is a party . . . .*

(Rec. Doc. 7-5, ¶ 26.4) (emphasis added).

On October 31, 2012, the AJJN Group filed a Demand for Arbitration with the American Arbitration Association asserting a $2,746,679.00 claim against Planet Beach for: (1) alleged violations of the Minnesota Franchise Act, (2) fraud, (3) negligent misrepresentation, (4) breach of contract, and (5) breach of the implied covenant of good faith and fair dealing. (AJJN Group Demand for Arbitration, Rec. Doc. 7-6, p. 2; Rec. Doc. 7-1, p. 8) Generally, the AJJN Group asserts that Planet Beach made a host of material misrepresentations and omissions in its sales materials, and elsewhere, between approximately 2005 and 2008, in an effort to induce the AJJN Group to enter into the four franchise agreements. (Rec. Doc. 7-6, p. 19) The American Arbitration Association ("AAA") began administering the proceedings. (Rec. Doc. 7-1, p. 8) However, on November 9, 2012, Planet Beach submitted a letter to the AAA objecting to the proceedings based on its allegations that: (1) the AJJN Group failed to meet the threshold filing requirements

under the AAA's Commercial Arbitration Rules, made applicable through the parties' franchise agreements, and (2) "there was no basis for the administrative consolidation of the AJJN Group's claims arising under multiple arbitration clauses contained in separate and independent contracts." (Rec. Doc. 1, p. 7, ¶ 32) On January 28, 2013, over Planet Beach's objections, the AAA sated that it would begin the process of appointing a threshold arbitrator to decide whether "the various arbitration demands could be consolidated in a single proceeding." (Rec. Doc. 1, p. 7, ¶ 33) At present, no threshold arbitrator has been appointed, and the parties agreed to temporarily suspend the arbitration proceedings, including the appointment of a threshold arbitrator, to allow Planet Beach to file its Petition to Compel Arbitration in this Court.

On March 7, 2013, Planet Beach filed a "Petition to Compel Arbitration in Accordance with Agreements," in which it asserts that the AJJN Group "have sought arbitration on a consolidated basis of disputes arising under four separate and individual Single Unit Franchise Agreements." (Rec. Doc. 1, p. 1, ¶ 2) Planet Beach further asserts that "'[n]othing in the four separate and individual Single Unit Franchise Agreements permits an arbitrator or panel of arbitrators appointed under one Single Unit Franchise Agreement to resolve disputes arising under any other Single Unit Franchise Agreement." (Rec. Doc. 1, p. 2, ¶ 4) Planet Beach also

asserts that each of the four Single Unit Franchise Agreements expressly prohibits the consolidation of multiple arbitrations and that "nothing in the Federal Arbitration Act or the Commercial Arbitration Rules for the American Arbitration Association requires or even contemplates the appointment of a "threshold arbitrator" or panel of arbitrators to resolve any question of consolidation or order arbitration on a consolidated basis. (Rec. Doc. 1, p. 2, ¶¶ 5-6)

Planet Beach also contends that the AGGN Group's "pursuit of consolidated arbitration to resolve disputes arising under four separate and individual Single Unit Franchise Agreements, constitutes a 'failure, neglect or refusal to arbitrate'" under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, _et seq_. ("FAA"), thereby entitling Planet Beach to petition this Court for an order "directing that such arbitration proceed in the manner provided for in such agreement." (Rec. Doc. 1, p. 2, ¶¶ 7-8) Planet Beach seeks: (1) a declaration that each of the four arbitration agreements contained in the four franchise agreements are valid, irrevocable, and enforceable, and (2) an order permanently enjoining the AJJN Group from pursuing any consolidated arbitration and directing that such arbitration(s) proceed in the manner provided for in the agreements, (3) actual damages, (4) costs of court, (5) contractual attorneys' fees, and (6) pre-judgment and post judgment interest in the maximum amount permitted by law.

(Rec. Doc. 7-1, pp. 8-9; Rec. Doc. 1, p. 7, ¶¶ 32-35)

**PARTIES' ARGUMENTS**

In its motion, the AJJN Group asserts that Planet Beach's "Petition to Compel Arbitration in Accordance with Agreements," should be dismissed, because the issue of whether AJJN Group shall proceed in one arbitration or four separate arbitrations is properly determined by an arbitrator. The AJJN Group asserts that this question is properly decided by the arbitrator, not this Court, because it is either (a) an issue of arbitration procedure, or (b) a question of arbitrability that the Court is without jurisdiction to decide, because the parties' four franchise agreements expressly provide for questions of arbitrability to be ruled upon by the arbitrator.

With regard to its argument that the consolidation issue is an issue of arbitration procedure, the AJJN Group argues that under the FAA, only when a dispute between parties subject to arbitration involves a question of arbitrability and the parties have not given the arbitrator the authority to decide issues of arbitrability, is a court able to rule on it in the first instance. All other disputes, including "procedural" issues, the AJJN Group contends, are to be decided by the arbitrator. In support of this argument, the AJJN Group argues that in <u>Green Tree Financial Corp. v. Bazzle</u>, 539 U.S. 444 (2003), a plurality of the Supreme Court decided that whether an arbitration could proceed as a class action or would

7

have to proceed bilaterally was an issue an arbitrator should decide as a matter of first impression. The AJJN Group contends that a subsequent Supreme Court decision, <u>Stolt-Nielsen S.A. v. AnimalFeeds International Corp</u>., 130 S.Ct. 1758 (2010), in no way instructs courts to answer the procedural question of whether class arbitration is available. The AJJN Group further argues that a significant majority of courts – including the Fifth Circuit – have concluded that arbitrators should decide whether cases should be consolidated in the first instance as the question presents a procedural issue.  The AJJN Group also asserts that since the Supreme Court decided <u>Stolt-Neilsen</u>, numerous courts have relied upon decisions decided post-<u>Bazzle</u> instructing that the arbitrator decide on the issue of class arbitration, and that the Fifth Circuit avoided an opportunity to alter or overrule <u>Pedcor Management</u>, in <u>Reed v. Florida Metropolitan University</u>, 681 F.3d 630, n. 3 (5th Cir. 2012), leaving <u>Pedcor Management</u> as controlling authority.

Alternatively, the AJJN Group argues that if the Court finds that the consolidation question is not a procedural issue, it is a question of arbitrability that the parties agreed to submit to the arbitrator, pursuant to the language in all four arbitration provisions that "[a]rbitrability will be decided by the arbitrator."

In its opposition, Planet Beach responds that the Court has the power to order arbitration in accordance with federal law and the terms of the four separate arbitration agreements and that there is no basis to cede that authority to an arbitrator. Planet Beach points out that the AJJN Group is unable to point to any language in the contract that provides for the appointment of a threshold arbitrator. Planet Beach also relies on the plain language of Section 4 of the FAA[1] for the proposition that there are only two scenarios where a court may dismiss a petition to compel arbitration, specifically, if it finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder. Planet Beach contends that its Petition should not be dismissed, because the AJJN Group has not "attempt[ed] to avail themselves of either provision requiring dismissal." According to Planet Beach, the AJJN Group's "refusal to arbitrate under any one agreement," is enough to trigger the

---

[1] Section 4 of the FAA provides:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . . If the making of the agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof . . . . If the [court] find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the [court] find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C. § 4.

Court's inherent power to order Defendants "to proceed to arbitration in accordance with the terms [of the arbitration agreement]" within the meaning of Section 4 of the FAA. Planet Beach asserts that the AJJN Group has attempted to "pigeonhole" the present dispute as one over procedure or arbitrability, when the "overriding issue" is much simpler due to the language in the arbitration provisions prohibiting consolidated arbitration and the language in the FAA that permits a court "to compel arbitration in accordance with the four arbitration agreements."Planet Beach argues that the AJJN Group's reliance on <u>Bazzle</u> for the contention that the consolidation issues is a procedural issue to be decided by the arbitrator is misguided for two reasons. First, Planet Beach argues that <u>Bazzle</u>'s "ostensible holding" that a court is somehow bound in all instances to defer to an arbitrator on procedural questions "has been all but overruled" by the Supreme Court's more recent ruling in <u>Stolt-Nielsen</u>, in particular relying on the following passage from that decision:

> Unfortunately, the opinions in <u>Bazzle</u> appear to have baffled the parties in this case at the time of the arbitration proceedings. For one thing, the parties appear to have believed that the judgment in <u>Bazzle</u> requires an arbitrator, not a court, to decide whether a contract permits class arbitration. In fact, however, only the plurality decided that question.

559 U.S. at 1772.

Second, according to Planet Beach, <u>Bazzle</u> (1) holds that arbitrators must rule on the question of class arbitration in the

10

first instance, when the contracts are otherwise silent on that issue, and (2) provides an exception when the contracting parties would likely have expected a court to decide the issue. According to Planet Beach, by expressly forbidding consolidation and incorporating the FAA, which expressly empowers a court to compel arbitration in accordance with the terms thereof, into the four arbitration agreements, the parties anticipated some limited circumstances when a court, and not an arbitrator, might be called upon to resolve some preliminary issues. Planet Beach criticizes the cases that AJJN Group relies on for the proposition that consolidation is always a procedural matter to be decided by the arbitrator on the grounds that none of the cases involved arbitration provisions expressly prohibiting consolidation. Planet Beach further criticizes the AJJN Group's reliance on <u>Pedcor Management</u>. Although Planet Beach concedes that in <u>Pedcor Management</u>, the Fifth Circuit followed the plurality rationale in <u>Bazzle</u> that an arbitrator should decide whether an arbitration agreement forbids or permits class arbitration, Planet Beach asserts that following the holding in <u>Bazzle</u>, the Fifth Circuit also inquired into whether the agreement expressly prohibited class arbitration, and found that the agreement contained no express provision regarding the permissibility of class arbitration. Based on this analysis, Planet Beach contends that there is no controlling case law that requires the Court to defer to an

arbitrator on the consolidation issue, when the underlying arbitration provision clearly forbids consolidation. Planet Beach also relies on Davey v. First Command Financial Services, Inc., No. 09-7111, 2010 WL 446081 (N.D. Tex. Feb. 5, 2010) and Restaurant Development Corporation of Louisiana v. Standard Building Company, Inc., No. 07-3771, 2007 WL 2284559 (E.D. La. Aug. 7, 2007) as support for its argument that the applicability of a non-consolidation provision is not a procedural question for the arbitrator.

Third, Planet Beach argues that it has not lost its "statutory right to compel arbitration," by virtue of the parties' agreement in the arbitration provisions of the four franchise agreements that "arbitrability will be decided by the arbitrator." Planet Beach argues that when this clause is read in conjunction with the clause in the arbitration provisions calling for the application of the FAA, it is evident that the parties contemplated judicial intervention under some circumstances, because otherwise, the parties' contractual invocation of the FAA and its attendant enforcement provisions would be meaningless surplusage. Planet Beach points out that other provisions of the franchise agreements, other than the arbitration provisions, anticipate judicial involvement outside of arbitration proceedings.[2]

_____

[2] In particular, Planet Beach relies on a provision in the franchise agreement allowing Planet Beach to seek injunctive relief pending arbitration.

12

In its reply, the AJJN Group argues that the central question in this case is not whether the Court has the authority to compel arbitration. Rather, the AJJN Group argues that the two central questions are: (1) *who* should make the determination as to whether the AJJN Group can pursue one arbitration proceeding against Planet Beach consisting of all of their claims that arise or relate to the four franchise agreements, and (2) *should* the AJJN Group be allowed to pursue their claims against Planet Beach in one arbitration proceeding? The AJJN Group further argues that because the answer to the first question is that the arbitrator should decide, the Court need not reach the second question.

As a preliminary matter, the AJJN Group asserts that Planet Beach has framed the issue incorrectly. They assert that "consolidation" is not at issue, because the AJJN Group instituted a single arbitration proceeding against Planet Beach in which they joined all of their claims against Planet Beach rather than seeking to "consolidate" their claims against Planet Beach with some other pending arbitration brought by a third party against Planet Beach. Nevertheless, the AJJN Group argues that even if the Court considers the issue one of "consolidation," Planet Beach's claims fail as a matter of law, because a majority of courts have found that whether to consolidate arbitration proceedings is a question to be decided by the arbitrator, not a judge. The AJJN Group asserts that <u>Stolt-Nielsen</u> does not hold otherwise and points out

that in Stolt-Nielsen, the issue that reached the Supreme Court *after* the arbitration proceedings concluded was whether the award could be set aside under 9 U.S.C. § 10(a)(4) on the grounds that the arbitrators exceeded their powers. In addition, the AJJN Group contends that Standard Building Co. does not apply in this case, because in that case, the court denied a motion to compel arbitration where the contractual pre-condition of mediation had not yet been fulfilled. The AJJN Group further contends that Davey fundamentally misunderstands the Supreme Court's procedural question doctrine and is an anomaly in a host of cases, including the Fifth Circuit's decision in Pedcor Management and decisions from the First, Fourth, and Seventh Circuits, that have determined that it is appropriate for the arbitrator to decide whether a case should proceed on a consolidated basis. The AJJN Group argues that Pedcor Management is binding authority, and that the Fifth Circuit's observation that the agreement in that case did not "clearly forbid" class arbitration, was followed by the court's recognition that the inquiry was not "necessary," in its statement that "it is unclear why the Court would explore this issue in the first place if its ultimate conclusion was that a court, regardless of whether its interpretation of the law is right or wrong, is simply the wrong decision-maker." The AJJN Group also argues that Planet Beach's conclusion that Stolt-Nielsen all but overruled the procedural question doctrine is not supported by any authority,

14

especially considering the Supreme Court's June 10, 2013 decision in <u>Oxford Health Plans</u>, No. 12-135, __ S.Ct. __, 2013 WL 2459522 (2013). The AJJN Group asserts that Planet Beach's characterization of its arguments as to why consolidated arbitration is distinct from class arbitration as "equitable" is inaccurate.

Finally, the AJJN Group reiterates its argument that even if the Court views the issue as one of arbitrability, it is properly decided by the arbitrator pursuant to the clause in the parties' arbitration agreement providing "[a]rbitrability will be decided by the arbitrator." The AJJN Group challenges Planet Beach's argument that giving effect to this clause, which Planet Beach included in its own franchise agreements, would somehow entail Planet Beach losing its rights under the FAA. The AJJN Group argues that when Planet Beach opted to include a clause in the arbitration provisions in its own franchise agreement, it clearly and unmistakably intended for arbitrators to rule on gateway issues, as permitted under Supreme Court precedent. The AJJN Group asserts that <u>Davey</u> is distinguishable, because in that case, unlike in this case, the Court noted that there was no reason to think that the contracting parties would have expected the arbitrator rather than the court to decide whether the non-consolidation provision applied. Thus, the AJJN Group asserts that the Court should dismiss Planet Beach's petition to compel arbitration, because the

consolidation question is to be decided by the arbitrator, not this Court.

## LEGAL STANDARD

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citing McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re Southern Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). A court must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009). However, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). While legal conclusions may provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 at 679. In deciding a 12(b)(6) motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the

16

complaint and the documents either attached to or incorporated in the complaint." Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1996).

## DISCUSSION

The Court agrees with the AJJN Group that the central questions in this case are: (1) *who* should make the determination as to whether the AJJN Group can pursue one arbitration proceeding against Planet Beach consisting of all of their claims that arise or relate to the four franchise agreements, and (2) *whether* the AJJN Group be allowed to pursue their claims against Planet Beach in one arbitration proceeding. Because the Court finds that the question of whether the contracts prohibit the AJJN Group from asserting all of its claims arising out of the four franchise agreements in one arbitration proceeding is a question of contract interpretation that the parties agreed to submit to an arbitrator, the Court need not reach the second question.

Although non-binding, the Court finds the plurality's reasoning in Green Tree v. Bazzle, 539 U.S. 444 (2003) instructive on the question of the appropriate decision-maker. In Bazzle, the parties disputed whether an arbitration agreement forbid class arbitration. Id. at 451. In this case, the parties dispute the meaning of the provision in the arbitration clauses of the four franchise agreements, stating that "[n]either party shall pursue class claims and/or consolidate the arbitration with any other

proceeding to which [Planet Beach] is a party." In <u>Bazzle</u>, the plurality found:

> Under the terms of the parties' contracts, the question — whether the agreement forbids class arbitration — is for the arbitrator to decide. The parties agreed to submit to the arbitrator "*[a]ll* disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract." And the dispute about what the arbitration contract in each case means (i.e., whether it forbids the use of class arbitration procedures) is a dispute "relating to the contract" and the resulting "relationships." Hence the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question. And if there is doubt about that matter — about the "'scope of arbitrable issues'" — we should resolve that doubt "'in favor of arbitration.'"

<u>Id.</u>

Here, like in <u>Bazzle</u>, the arbitration agreement contains broad language. The parties agreed in each of the franchise agreements that "*all disputes* and claims *relating to this Agreement or any other agreement entered into between the parties*, *the rights and obligations of the parties*, or any other claims or cause of action relating to the making, interpretation, or performance of either party under this Agreement, *shall be settled by arbitration*." Similarly, the parties' dispute over the meaning of the identical non-consolidation provisions in the arbitration agreements relate to the individual agreements as well as "any other agreement entered into between the parties." Thus, it appears that, like in <u>Bazzle</u>, the parties agreed that an arbitrator would decide the issue, and the presumption in favor of resolving the scope of

arbitrable issues in favor of arbitration strengthens that conclusion.

Although the Bazzle plurality observed that there are narrow circumstances, "typically involv[ing] matters of a kind that 'contracting parties would likely have expected a court' to decide," in which courts assume that the parties intended courts, not arbitrators, to decide particular matters related to arbitration, it determined that the question at issue there — "whether the contracts forbid class arbitration," — did not fall into the narrow exception. Id. at 452. The Court reasoned that:

> [T]he relevant question here is what kind of arbitration proceeding the parties agreed to. That question does not concern a state statute or judicial procedures. It concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question. Given these considerations, along with the arbitration contracts' sweeping language concerning the scope of the questions committed to arbitration, this matter of contract interpretation should be for the arbitrator, not the courts, to decide.

Id. at 452-53.

The same can be said of the question here — whether the agreements forbid the AJJN Group from asserting all claims arising out of the four franchise agreement in one arbitration proceeding. Planet Beach interprets the arbitration provisions in the agreements to preclude the AJJN Group from asserting all claims arising out of the four agreements in a single arbitration proceeding against Planet Beach. The AJJN Group interprets the provision to allow joinder of all of its claims arising out of the

four agreements in a single arbitration proceeding against Planet
Beach. Under the AJJN Group's interpretation, the provision only
prevents the AJJN Group from joining its arbitration proceeding
against Planet Beach with an arbitration proceeding brought against
Planet Beach by a third party. The question here is analogous to
the question of whether contracts forbid class arbitration and,
thus, concerns the "kind of arbitration proceedings the parties
agreed to," "contract interpretation," and "arbitration
procedures." The Court finds the plurality's reasoning persuasive
and agrees that this analogous matter of contract interpretation is
one that the parties agreed an arbitrator, not the Court, would
determine.

     The Court does not agree with the AJJN Group that the Fifth
Circuit's decision in Pedcor Management Co., Inc. v. Nations
Personnel of Texas, Inc., 343 F.3d 355 (5th Cir. 2003) is binding
authority. In that case, the Fifth Circuit remarked that "[t]he
clarity of [Bazzle's] holding — that arbitrators are supposed to
decide whether an arbitration agreement forbids or allows class
arbitration — leaves us to decide only whether the instant case is
sufficiently analogous to [Bazzle] to come within that rule."
However, in Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp., 130
S.Ct. 1758 (2010), the Supreme Court observed that there was no
clear holding on the question in Bazzle and declined to revisit it:

        Unfortunately, the opinions in Bazzle appear to have
        baffled the parties in this case at the time of the

20

arbitration proceeding. For one thing, the parties appear to have believed that the judgment in <u>Bazzle</u> requires an arbitrator, not a court, to decide whether a contract permits class arbitration . . . In fact, however, only the plurality decided that question. But we need not revisit that question here because the parties' supplemental agreement expressly assigned this issue to the arbitration panel, and no party argues that this assignment was impermissible.

<u>Id.</u> at 1772.

Nevertheless, while neither <u>Bazzle</u> nor <u>Pedcor Management</u> are binding authorities, the Court agrees with the AJJN Group, that <u>Stolt-Nielsen</u> in no way affirmatively instructs courts to determine whether an agreement forbids class arbitration. Since the <u>Stolt-Nielsen</u> Court simply declined to re-consider the question that the <u>Bazzle</u> plurality addressed, the decision does not impact the Court's decision to look to the <u>Bazzle</u> plurality's reasoning as persuasive authority.

None of Planet Beach's arguments convince the Court that the parties contemplated that the relevant question would be decided by a court, rather than an arbitrator. Planet Beach argues, primarily relying on the plain language of Section 4 of the FAA, that the Court has the power to order arbitration "in accordance with the terms of the four separate arbitration agreements," and that there is no basis to cede that authority to the arbitrator. However, Planet Beach's argument ignores the doctrine interpreting the FAA in general and Section 4 of the FAA in particular. As discussed above, the Court views Planet Beach's "Petition to Compel

Arbitration in Accordance with Agreements," as an attempt to have the Court decide a dispute that the parties agreed to submit to an arbitrator. Planet Beach attempts to argue that the parties did not agree to submit the dispute to an arbitrator, because there is no provision expressly providing for the selection of a threshold arbitrator. However, there is also no provision in the agreements expressly providing that a court would decide matters of contract interpretation and arbitration procedure. The Court finds that the absence of a specific provision governing the appointment of a "threshold arbitrator," is not the type of clear indication necessary to overcome the presumption of arbitrability. Similarly, the fact that the arbitration agreement contemplates that Planet Beach could seek injunctive relief in court pending arbitration has no bearing on the Court's determination that the parties agreed to submit *this dispute* to an arbitrator. Finally, the Court does not find Planet Beach's non-binding authorities persuasive.

Moreover, this result does not, as Planet Beach contends, render the parties' contractual invocation of the FAA and its enforcement provisions surplusage. The doctrine clarifies that when parties move to compel arbitration under Section 4 of the FAA, courts only determine certain limited issues. Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996) ("In adjudicating a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-step inquiry. The first step is to

determine whether the parties agreed to arbitrate the dispute in question . . . The second step is to determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'") Here, Planet Beach availed itself of the FAA's enforcement mechanisms and the Court determined that the parties simply agreed that an arbitrator would resolve the dispute at issue. By dismissing Planet Beach's petition and returning the parties to arbitration to resolve this dispute involving contract interpretation and arbitration procedure, the Court is furthering "Congress's clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 23 (1983).

A significant portion of Planet Beach's "Petition to Compel Arbitration in Accordance with Agreements," consists of legal arguments and conclusions regarding the interpretation of the arbitration clauses in the franchise agreements. (Rec. Doc. 1, ¶¶ 2-8, 19, 25-28, 30, 36-38). Disregarding all of Planet Beach's legal conclusions and assuming that all well-pleaded facts in Planet Beach's Petition to Compel Arbitration are true, the Court finds that Planet Beach is not entitled to the relief it seeks — the resolution of an issue that the parties agreed to submit to an arbitrator. Thus, Planet Beach's "Petition to Compel Arbitration in Accordance with Agreements" should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the AJJN Group's Motion to Dismiss **(Rec. Doc. 7)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Planet Beach's Petition to Compel Arbitration **(Rec. Doc. 1)** is **DISMISSED**.

New Orleans, Louisiana this 27th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

24